EXHIBIT A

KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiff
**Keith M. Knowlton - SBN 011565**
keithknowlton@msn.com

RECEIVED
CITY OF PHOENIX

2020 SEP -2 PM 2: 54

CITY ATTORNEY'S OFFICE

**ORIGINAL**

# IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

RICHARD UPSON,                         )
                                       )
                    Plaintiff,         )    CV2020-093793
                                       )
vs.                                    )
                                       )
CITY OF PHOENIX, a municipality of the State )    **SUMMONS**
of Arizona; K-9 OFFICER MICHAEL BURNS )
#4911 and SPOUSE BURNS, husband and wife; )
SGT. TERRENCE FAY # 6933 and SPOUSE )
FAY, husband and wife; CHIEF OF POLICE )    If you would like legal advice from a lawyer,
JERI WILLIAMS; and JOHN DOES AND JANE )    Contact the Lawyer Referral Service at
DOES I-X and INDIVIDUALS/ ENTITIES I-X, )    602-257-4434
                                       )    or
                    Defendants.        )    www.maricopalawyers.org
                                       )    Sponsored by the
                                       )    Maricopa County Bar Association

## TO:  CHIEF OF POLICE JERI WILLIAMS

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S

ATTORNEY Keith M. Knowlton, 9920 S. Rural Road, Suite 108, PMB# 132, Tempe, Arizona

85284-4100 an answer to the complaint which is herewith served upon you, within 20 days after

service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.  You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

JEFF FINE, CLERK

_____      _____
CLERK                          DATE

SEP 0 3 2020

(BY) DEPUTY CLERK



M. Messmer
Deputy Clerk

2

Keith M. Knowlton, Esq. - SBN 011565
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
Phone: (480) 755-1777
Fax:    (480) 471-8956
keithknowlton@msn.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR COUNTY OF MARICOPA

| | |
|---|---|
| RICHARD UPSON, | CV2020-093793 |
| Plaintiff, | |
| vs. | |
| CITY OF PHOENIX, a municipality of the State of Arizona; K-9 OFFICER MICHAEL BURNS #4911and SPOUSE BURNS, husband and wife; SGT. TERRENCE FAY # 6933 and SPOUSE FAY, husband and wife; CHIEF OF POLICE JERI WILLIAMS; and JOHN DOES AND JANE DOES I-X and INDIVIDUALS/ ENTITIES I-X, | **FIRST AMENDED COMPLAINT** |
| | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff Richard Upson, as and for his Complaint against all Defendants alleges as follows:

## **PARTIES**

1.     Plaintiff, Richard Upson (referred to as either "Richard" or "Plaintiff") is an adult resident of the State of Arizona and at all times relevant to the complaint resided within the County of Maricopa.

2.     Defendant City of Phoenix is a municipality existing under the laws of the State of Arizona.

-1-

3.     Defendant K-9 Officer Michael Burns # 4911 WELSH, # 5962 is a sworn law enforcement officer/agent/employee of Defendant City of Phoenix.

4.     Defendant Sgt. Terrence Fay #6933 is a sworn law enforcement officers/agents/employees of the City of Phoenix.

5.     The individual Defendants listed above are referred to hereafter collectively as "Police Officer Defendants."

6.     Defendant Jeri Williams is the Police Chief of the City of Phoenix and is the chief executive officer of the City of Phoenix Police Department.

7.     Defendant Spouse is a fictitiously named Defendant for each of the Police Officer Defendants spouses, whose true identity will be supplemented when known.

8.     During all relevant times hereto, the Police Officer Defendants and each fictitiously names Spouse Defendant were husband and wife, and the Police Officer Defendants were acting for the benefit of the marital community.

9.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Mr. Witter.  Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

10.     All named Defendants are interrelated and are jointly and severally liable.

11.     Upon information and belief, the City of Phoenix is Respondeat Superior liable (only on common law claims and not 42 U.S.C. §1983 Civil Rights Claims) for the acts of the Defendant law enforcement officers/agents/employees.

12.     Further, upon information and belief, the City of Phoenix contractually agreed to indemnify their Police Officer Defendants.

## JURISDICTION AND VENUE

13.    Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arose or are residents of Maricopa County.

14.    Pursuant to A.R.S. §12-821.01, a Notice of Claim was timely filed with each Defendant and more than ninety (90) days has taken place since filing.

15.    Plaintiff has fully complied with the requirements of A.R.S. §12-821.01 to bring this action against a government entity and/or its employees.

16.    This action is further bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

17.    Upon information and belief, each and every Police Officer Defendant aided and abetted each other and therefore is liable for the consequences of the others conduct.

18.    In the event the Police Officer Defendants acted outside the scope and course of employment (only on common law claims and not 42 U.S.C. §1983 Civil Rights Claims) Plaintiff is entitled to Punitive Damages.   Plaintiff is entitled to punitive damages under 42 U.S.C. § 1983.

## JURY DEMAND

19.    Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

20.    On July 4, 2019, at the location set forth in Incident Report Supplement #201900001037548-005, Officer Burns, used police service dog "Fred" to do a canine search to locate Richard who was lying down under a carport next to the passenger side front tire of a car.

21.    Officer Burns was assisted by Sgt. Fay who was the canine supervisor on scene.

22.    Officer Burn with Fred on a leash came around toward the driver's side of the vehicle after he saw Plaintiff's head by the passenger side front tire.

-3-

1    23.    After he said he directed Richard to come out and got no response, he
2    released Fred to apprehend Richard who was partially lying under the car with his
3    head and upper body by the passenger front tire.

4    24.    At that time other officers on the scene had Richard "covered."

5    25.    Richard did not hear any warning a dog would be released upon him.

6    26.    Whether or not a proper warning was given regarding the release of
7    the dog, the location of the bite was not reasonable or justified under the
8    circumstances.

9    27.    Fred immediately bit and grabbed hold of Plaintiff's head.

10   28.    Police Dogs are trained to grab and hold until ordered to release.

11   29.    They are trained to bite arms, legs and buttocks and to not bite heads,
12   upper shoulder and neck areas because of the high risk of causing death or serious
13   injury to the suspect.

14   30.    A bit to the head and neck/shoulder area constitutes deadly force.  See
15   *Miller v. Clark County*, 340 F.3d 959 (9th Cir. 2003).

16   31.    Neither deadly nor intermediate force was justified under the
17   circumstances.

18   32.    As Fred is biting Richard's head, the Officers rushed forward and
19   pulled on Plaintiff's legs until they pulled Richard's legs out from under the car.

20   33.    Neither Officer Burns nor Sgt. Fay ordered Fred to let go when they
21   saw Fred biting Richard's head nor when the other officers were involved and
22   pulling Richard out from under the car.

23   34.    Instead, on his own, Fred changed his bit to Richard's shoulder near
24   his neck area.

25   35.    There are at least 8 documented puncture wounds in the neck/shoulder
26   area.

27   36.    Fred finally without being released let go of neck/shoulder area and
28   moved his bite down Richard's arm to just above his hand.

37.    It was not until Richard had been pulled out from beside the car sufficiently that his hands could be grabbed by the other officers involved that Officer Burns called Fred Off the bite.

## COUNT ONE
## GROSS NEGLIGENCE/NEGLIGENCE

38.    The allegations set forth above are fully incorporated herein by this reference.

39.    The Police Officer Defendants had a duty not to use excessive force on Plaintiff in making the arrest and taking him into custody.

40.    The Police Officer Defendants were grossly negligent and/or negligent in the force used in taking Plaintiff into custody.

41.    Releasing Fred to bit Plaintiff on the head, then neck and shoulder area without interceding to stop Fred from doing so constitutes excessive force that was not reasonable or necessary under the circumstances and which violate policy.

42.    Each police officer involved had a duty to assure that excessive force was not use and to stop other police officers from using excessive force.

43.    The Police Officer Defendants are responsible for all damage done as a result of their breach of this duty.

44.    Upon information and belief, the force used on Plaintiff was retaliatory and designed to punish Plaintiff.

45.    The Police Officer Defendants grossly breached the constitutional and other duties owed to Plaintiff as Police Officers, which breach was the actual and proximate cause of Plaintiff's injuries, including being bitten by the police dog.

46.    As a result of Defendants' actions alleged above, Plaintiff suffered damages, endured mental and emotional distress, all in an amount to be determined at trial.

violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right not to experience excessive from law enforcement when being detained and seized.

56. The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

57. An objective reasonable police officer under the same circumstances would not have used the force that was used by the Defendant Police Officers, including but not limited to allowing a dog to bit Plaintiff's head, then neck and then shoulder area.

58. As a result of the Defendants' actions alleged above, and in violation of Plaintiff's rights under Federal and State law, Plaintiff suffered damages, physical injury, endured mental and emotional distress, and was seized and detained wrongfully, all in an amount to be determined at trial.

59. Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

60. Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

**COUNT FOUR**

**(Negligent Hiring, Training and Supervision)**

61. Plaintiff incorporates the preceding numbered paragraphs as though fully set forth herein.

62. At all relevant times, Defendant Police Chief Jeri Williams ("Williams") and/or the City of Phoenix was the employer of the Police Officer Defendants.

63. Upon information and belief, Defendant Williams and/or the City of Phoenix was grossly negligent and/or negligent in the hiring and/or training

1  and/or supervision of the Police Officer Defendants and other unknown

2  employees.

3      64.    Had Defendants Williams and/or the City of Phoenix been careful

4  in the hiring, training and/or supervision of these Police Officer Defendants,

5  Plaintiff would not have suffered the assault and physical injuries he received.

6      65.    Defendant Williams and/or the City of Phoenix's negligent hiring,

7  retention and/or supervision of the Police Officer Defendants proximately caused

8  Plaintiff physical injury and other damages to be proven at trial.

9      66.    Plaintiff is entitled to Punitive Damages.

COUNT FIVE
42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

13/14      67.    Plaintiff incorporates herein all the preceding numbered paragraphs.

15      68.    Defendant Williams was at all relevant times the Chief of Police and

16  chief executive officer of the City of Phoenix Police Department.

17      69.    The policy of the City of Phoenix Police Department regarding the

18  use of dogs preclude biting individuals in the head and neck area.

19      70.    The Police Officer Defendants violated the policy by releasing Fred to

20  bit Plaintiff in the head, neck and shoulder area and not calling him off.

21      71.    As the Chief of Police, Defendant Williams has a non-delegable duty

22  to ensure the policies of the police department are followed by police officers and

23  that the force used is minimal as necessary to safely take individuals into custody.

24  safe housing conditions of inmates at the Lewis Prison.

25      72.    Defendants Williams' received Plaintiff's Notice of Claim.  Further

26  supervisors received the use of force report.

27

28

73. Defendant Williams and his appointed supervisors took no action against the Police Officer Defendants for Plaintiff being bitten on the head, then neck, then shoulder.

74. Defendant Williams ratified the conduct of the Police Officer Defendants by taking no disciplinary action against the Police Officer Defendants.

75. By ratifying the Police Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Williams' has created a practice and procedure that police officers using k-9s do not have to follow policy and can take unauthorized actions with impunity.

76. This practice and procedure of impunity for using excessive force by the canine unit was the proximate cause of what happened in this case.

77. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorneys fees and punitive damages from Williams based on the above.

78. Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1. Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2. Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3. For compensatory damages, including but not limited to physical injury, emotional distress, all in an amount to be determined at the time of trial;

4. For attorneys' fees and costs;

5. And to grant such other and further relief as the Court feels is just under the circumstances.

**RESPECTFULLY SUBMITTED** this 3rd day of September, 2020.

**KEITH M. KNOWLTON, L.L.C.**

/s/ Keith Knowlton

By: _____
Keith M. Knowlton (SBN: 001565)\

1  KEITH M. KNOWLTON, L.L.C.
   9920 S. Rural Road, Suite 108
2  PMB# 132
   Tempe, Arizona 85284-4100
3  (480) 755-1777
   FAX (480) 471-8956
4  Attorney for PlaintiffS
   **Keith M. Knowlton - SBN 011565**
5  keithknowlton@msn.com



COPY

JUN 2 3 2020

CLERK OF THE SUPERIOR COURT
A. MARQUEZ
DEPUTY CLERK

COURT SEAL

6

7      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8        **IN AND FOR THE COUNTY OF MARICOPA**

9  RICHARD UPSON,                          )
                                           )
10                    Plaintiff,            )      CV2020-095793
                                           )
11 vs.                                      )
                                           )
12 CITY OF PHOENIX, a municipality of the State )
   of Arizona; K-9 OFFICER MICHAEL BURNS  )  **CERTIFICATE OF COMPULSORY**
13 #4911and SPOUSE BURNS, husband and wife; )  **ARBITRATION**
   SGT. TERRENCE FAY # 6933 and SPOUSE     )
14 FAY, husband and wife; CHIEF OF POLICE  )
   JERI WILLIAMS; and JOHN DOES AND JANE   )
15 DOES I-X and INDIVIDUALS/ ENTITIES I-X, )
                                           )
16                                          )
                                           )
17                    Defendants.           )
                                           )
18

19

20        The undersigned certifies that he or she knows the dollar limits and any other

21 limitations set forth by the local rules of practice for the applicable superior court, and

22 further certifies that this case **is not** subject to compulsory arbitration, as provided by

23 Rules 72 through 76 of the Arizona Rules of Civil Procedure.

24

25

26

                                          1

DATED this 23rd day of June, 2020.

KEITH M. KNOWLTON, L.L.C.

By: _____
Keith M. Knowlton
Attorney for Plaintiff

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2020 SEP 10 PM 3: 08

FILED BY: S. Barba

# MARICOPA COUNTY SUPERIOR COURT

| STATE : **ARIZONA** | CASE / INDEX / CAUSE NO. |
|---|---|
| COUNTY: **MARICOPA** | **CV2020-093793** |
| COURT : **SUPERIOR** | |

**RICHARD UPSON**

Plaintiff / Petitioner,

vs.

**CITY OF PHOENIX**

Defendant / Respondent,

ORIGINAL

---

## DECLARATION OF SERVICE

---

I, the undersigned, am a Registered Process Server and Officer Of The Court in Maricopa County in the state of Arizona.
I also declare that I personally served true copies of the following documents:

> **SUMMONS**
> **FIRST AMENDED COMPLAINT**
> **CERTIFICATE OF COMPULSORY ARBITRATION**

| | | | *Date:* | *Time:* |
|---|---|---|---|---|
| I personally served same said documents to: | | *Address:* | | |
| **X** | CITY OF PHOENIX | 200 W WASHINGTON, PHOENIX, AZ 85003 | 09/09/2020 | 2:02PM |

I personally served above named subject(s):

| | |
|---|---|
| ☐ | Personally (From myself to above named subject(s) |
| ☐ | By leaving copies at the dwelling house or usual place of abode with _____ who is of suitable age and discretion residing therein |
| X | By serving or leaving with **CONNIE HAESLOOP – Special Deputy Clerk** who stated/indicated to me that he/she is authorized to accept. |
| ☐ | By serving _____ (subjects Statutory Agent) and leaving with _____ who stated that he/she is authorized to accept. |
| ☐ | POSTING and 1ST CLASS MAILING |

**COMMENTS:**

I certify under penalty of perjury that the foregoing is true and correct. Executed on: **September 10, 2020**

| **Contact Information:** | |
|---|---|
| United Process Service | *(signature)* Jonathan S Curtis |
| 480-833-1835 | Jonathan S Curtis |
| azunitedprocess@gmail.com | Registered in the Arizona in County of Maricopa |
| | Officer of the Superior Court #7222 |

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

# MARICOPA COUNTY SUPERIOR COURT

2020 SEP 10 PM 3:08

| STATE : | ARIZONA | CASE / INDEX / CAUSE NO. |
|---|---|---|
| COUNTY: | MARICOPA | **CV2020-093793** |
| COURT : | SUPERIOR | |

FILED BY: S. Barba

**RICHARD UPSON**

Plaintiff / Petitioner,

vs.

**CITY OF PHOENIX**

Defendant / Respondent.

ORIGINAL

---

## DECLARATION OF SERVICE

I, the undersigned, am a Registered Process Server and Officer Of The Court in Maricopa County in the state of Arizona.
I also declare that I personally served true copies of the following documents:

**SUMMONS**
**FIRST AMENDED COMPLAINT**
**CERTIFICATE OF COMPULSORY ARBITRATION**

I personally served same said documents to:

| | | *Address:* | *Date:* | *Time:* |
|---|---|---|---|---|
| X | CHIEF OF POLICE | 200 W WASHINGTON, PHOENIX, AZ 85003 | 09/09/2020 | 2:02PM |
| | JERI WILLIAMS | | | |

I personally served above named subject(s):

| | |
|---|---|
| ☐ | Personally (From myself to above named subject(s) |
| ☐ | By leaving copies at the dwelling house or usual place of abode with _____ who is of suitable age and discretion residing therein |
| X | By serving or leaving with __CONNIE HAESLOOP – Special Deputy Clerk__ who stated/indicated to me that he/she is authorized to accept. |
| ☐ | By serving _____ (subjects Statutory Agent) and leaving with _____ who stated that he/she is authorized to accept. |
| ☐ | POSTING and 1ST CLASS MAILING |

**COMMENTS:**

I certify under penalty of perjury that the foregoing is true and correct. Executed on: **September 10, 2020**

**Contact Information:**

United Process Service
480-833-1835
azunitedprocess@gmail.com

Jonathan S Curtis
Registered in the Arizona in County of Maricopa
Officer of the Superior Court #7222

## MARICOPA COUNTY SUPERIOR COURT

| STATE : **ARIZONA** | **CASE / INDEX / CAUSE NO.** |
|---|---|
| COUNTY: **MARICOPA** | **CV2020-093793** |
| COURT : **SUPERIOR** | |

FILED BY: S. Barba

**RICHARD UPSON**

Plaintiff / Petitioner,

vs.

**CITY OF PHOENIX**

Defendant / Respondent.

ORIGINAL

---

# DECLARATION OF SERVICE

---

I, the undersigned, am a Registered Process Server and Officer Of The Court in Maricopa County in the state of Arizona.
I also declare that I personally served true copies of the following documents:

**SUMMONS**
**COMPLAINT**
**CERTIFICATE OF COMPULSORY ARBITRATION**

I personally served same said documents to:

|   | | *Address:* | *Date:* | *Time:* |
|---|---|---|---|---|
| **X** | SGT TERRENCE FAY #6933 | 3443 S CENTRAL AVE, PHOENIX, AZ | 09/09/2020 | 1:20PM |

I personally served above named subject(s):

| | |
|---|---|
| | Personally (From myself to above named subject(s) |
| | By leaving copies at the dwelling house or usual place of abode with _____ who is of suitable age and discretion residing therein |
| X | By serving or leaving with **LT. ROY CHALMERS** who stated/indicated to me that he/she is authorized to accept. |
| | By serving _____ (subjects Statutory Agent) and leaving with _____ who stated that he/she is authorized to accept. |
| | POSTING and 1ST CLASS MAILING |

**COMMENTS:**


I certify under penalty of perjury that the foregoing is true and correct. Executed on: **September 10, 2020**

**Contact Information:**

| United Process Service |
|---|
| 480-833-1835 |
| azunitedprocess@gmail.com |

Jonathan S Curtis
Registered in the Arizona in County of Maricopa
Officer of the Superior Court #7222

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2020 SEP 10 PM 3: 07

FILED BY: S. Barba

# MARICOPA COUNTY SUPERIOR COURT

| STATE : **ARIZONA** | CASE / INDEX / CAUSE NO. |
|---|---|
| COUNTY: **MARICOPA** | **CV2020-093793** |
| COURT : **SUPERIOR** | |

**RICHARD UPSON**

          Plaintiff / Petitioner,

vs.

**CITY OF PHOENIX**

          Defendant / Respondent.

ORIGINAL

---

## DECLARATION OF SERVICE

---

I, the undersigned, am a Registered Process Server and Officer Of The Court in Maricopa County in the state of Arizona.
I also declare that I personally served true copies of the following documents:

    **SUMMONS**
    **COMPLAINT**
    **CERTIFICATE OF COMPULSORY ARBITRATION**

I personally served same said documents to:

| | | *Address:* | *Date:* | *Time:* |
|---|---|---|---|---|
| **X** | K-9 OFFICER MICHAEL BURNS #4911 | 3443 S CENTRAL AVE, PHOENIX, AZ | 09/09/2020 | 1:20PM |

I personally served above named subject(s):

| | |
|---|---|
| ☐ | Personally (From myself to above named subject(s) |
| ☐ | By leaving copies at the dwelling house or usual place of abode with _____ who is of suitable age and discretion residing therein |
| ☒ | By serving or leaving with **LT. ROY CHALMERS** who stated/indicated to me that he/she is authorized to accept. |
| ☐ | By serving _____ (subjects Statutory Agent) and leaving with _____ who stated that he/she is authorized to accept. |
| ☐ | POSTING and 1ST CLASS MAILING |

**COMMENTS:**

I certify under penalty of perjury that the foregoing is true and correct. Executed on: **September 10, 2020**

| **Contact Information:** | |
|---|---|
| United Process Service | *Jonathan S Curtis* |
| 480-833-1835 | Jonathan S Curtis |
| azunitedprocess@gmail.com | Registered in the Arizona in County of Maricopa |
| | Officer of the Superior Court #7222 |

JEFF FINE
Clerk of the Superior Court
By Araseli Marquez, Deputy
Date 06/23/2020 Time 13:06:52

| Description | Amount |
| --- | --- |
| ——— CASE# CV2020-093793 ——— | |
| CIVIL NEW COMPLAINT | 333.00 |
| TOTAL AMOUNT | 333.00 |
| Receipt# 27837185 | |

Keith M. Knowlton, Esq. – SBN 011565
KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Ste. 108
PMB #132
Tempe, Arizona 85284-4100
Phone: (480) 755-1777
Fax:    (480) 471-8956
keithknowlton@msn.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR COUNTY OF MARICOPA

RICHARD UPSON,

                Plaintiff,

vs.

CITY OF PHOENIX, a municipality of the State
of Arizona; K-9 OFFICER MICHAEL BURNS
#4911and SPOUSE BURNS, husband and wife;
SGT. TERRENCE FAY # 6933 and SPOUSE
FAY, husband and wife; CHIEF OF POLICE
JERI WILLIAMS; and JOHN DOES AND
JANE DOES I-X and INDIVIDUALS/
ENTITIES I-X,

                Defendants.

CV2020-093793

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff Richard Upson, as and for his Complaint against all Defendants alleges as follows:

## **PARTIES**

1.    Plaintiff, Richard Upson (referred to as either "Richard" or "Plaintiff") is an adult resident of the State of Arizona and at all times relevant to the complaint resided within the County of Maricopa.

2.    Defendant City of Phoenix is a municipality existing under the laws of the State of Arizona.

-1-

3.     Defendant K-9 Officer Michael Burns # 4911 WELSH, # 5962 is a sworn law enforcement officer/agent/employee of Defendant City of Phoenix.

4.     Defendant Sgt. Terrence Fay #6933 is a sworn law enforcement officers/agents/employees of the City of Phoenix.

5.     The individual Defendants listed above are referred to hereafter collectively as "Police Officer Defendants."

6.     Defendant Jeri Williams is the Police Chief of the City of Phoenix and is the chief executive officer of the City of Phoenix Police Department.

7.     Defendant Spouse is a fictitiously named Defendant for each of the Police Officer Defendants spouses, whose true identity will be supplemented when known.

8.     During all relevant times hereto, the Police Officer Defendants and each fictitiously names Spouse Defendant were husband and wife, and the Police Officer Defendants were acting for the benefit of the marital community.

9.     The fictitiously named Defendants in the caption to the Complaint are individuals and entities who, on information and belief, committed acts or omissions or caused events to occur that resulted in injury or damage to Mr. Witter.  Once the identities of these Defendants are discovered, this Complaint shall be amended accordingly.

10.     All named Defendants are interrelated and are jointly and severally liable.

11.     Upon information and belief, the City of Phoenix is Respondeat Superior liable (only on common law claims and not 42 U.S.C. §1983 Civil Rights Claims) for the acts of the Defendant law enforcement officers/agents/employees.

12.     Further, upon information and belief, the City of Phoenix contractually agreed to indemnify their Police Officer Defendants.

## JURISDICTION AND VENUE

-2-

13. Defendants and each of them caused events to occur in Maricopa County out of which this Complaint arose or are residents of Maricopa County.

14. Pursuant to A.R.S. §12-821.01, a Notice of Claim was timely filed with each Defendant and more than ninety (90) days has taken place since filing.

15. Plaintiff has fully complied with the requirements of A.R.S. §12-821.01 to bring this action against a government entity and/or its employees.

16. This action is further bring brought pursuant to 42 U.S.C. §1983 to remedy Defendants violation of Plaintiff's constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

17. Upon information and belief, each and every Police Officer Defendant aided and abetted each other and therefore is liable for the consequences of the others conduct.

18. In the event the Police Officer Defendants acted outside the scope and course of employment (only on common law claims and not 42 U.S.C. §1983 Civil Rights Claims) Plaintiff is entitled to Punitive Damages. Plaintiff is entitled to punitive damages under 42 U.S.C. § 1983.

## JURY DEMAND

19. Plaintiff demands a trial by jury for all issues so triable.

## FACTUAL ALLEGATIONS

20. On July 4, 2019, at the location set forth in Incident Report Supplement #201900001037548-005, Officer Burns, used police service dog "Fred" to do a canine search to locate Richard who was hiding under a carport by a passenger side front tire of a car.

21. Officer Burns was assisted by Sgt. Fay who was the canine supervisor on scene.

22. Officer Burn with Fred on a leash came around toward the driver's side of the vehicle after he saw Plaintiff's head by the passenger side front tire.

23. After he said he directed Richard to come out and got no response, he released Fred to apprehend Richard who was partially lying under the car with his head and upper body by the passenger front tire.

24. At that time other officers on the scene had Richard "covered."

25. Richard did not hear any warning a dog would be released upon him.

26. Whether or not a proper warning was given regarding the release of the dog, the location of the bite was not reasonable or justified under the circumstances.

27. Fred immediately bit and grabbed hold of Plaintiff's head.

28. Police Dogs are trained to grab and hold until ordered to release.

29. They are trained to bite arms, legs and buttocks and to not bite heads, upper shoulder and neck areas because of the high risk of causing death or serious injury to the suspect.

30. A bit to the head and neck/shoulder area constitutes deadly force. See *Miller v. Clark County*, 340 F.3d 959 (9th Cir. 2003).

31. Neither deadly nor intermediate force was justified under the circumstances.

32. As Fred is biting Richard's head, the Officers rushed forward and pulled on Plaintiff's legs until they pulled Richard's hands out from under the car.

33. Neither Officer Burns nor Sgt. Fay ordered Fred to let go when they saw Fred biting Richard's head nor when the other officers were involved and pulling Richard out from under the car.

34. Instead, on his own, Fred changed his bit to Richard's shoulder near his neck area.

35. There are at least 8 documented puncture wounds in the neck/shoulder area.

36. Fred finally without being released let go of neck/shoulder area and moved his bite down Richard's arm to just above his hand.

-4-

37.     It was not until Richard had been pulled out from under the car sufficiently that his hands could be grabbed by the other officers involved that Officer Burns called Fred Off the bite.

## COUNT ONE
## GROSS NEGLIGENCE/NEGLIGENCE

38.     The allegations set forth above are fully incorporated herein by this reference.

39.     The Police Officer Defendants had a duty not to use excessive force on Plaintiff in making the arrest and taking him into custody.

40.     The Police Officer Defendants were grossly negligent and/or negligent in the force used in taking Plaintiff into custody.

41.     Releasing Fred to bit Plaintiff on the head, then neck and shoulder area without interceding to stop Fred from doing so constitutes excessive force that was not reasonable or necessary under the circumstances and which violate policy.

42.     Each police officer involved had a duty to assure that excessive force was not use and to stop other police officers from using excessive force.

43.     The Police Officer Defendants are responsible for all damage done as a result of their breach of this duty.

44.     Upon information and belief, the force used on Plaintiff was retaliatory and designed to punish Plaintiff.

45.     The Police Officer Defendants grossly breached the constitutional and other duties owed to Plaintiff as Police Officers, which breach was the actual and proximate cause of Plaintiff's injuries, including being bitten by the police dog.

46.     As a result of Defendants' actions alleged above, Plaintiff suffered damages, endured mental and emotional distress, all in an amount to be determined at trial.

47.   Defendants' actions proximately caused Plaintiff damages as specified above in an amount to be proven at trial.

## COUNT TWO
## ASSAULT AND BATTERY

48.   The allegations set forth above are fully incorporated herein by this reference.

49.   The Police Officer Defendants, and each of them, individually or through their agents and/or employees used force on Plaintiff that was not reasonable or justified under the circumstances.

50.   A reasonable officer under the same circumstances would not have used the force that was used by the Police Officer Defendants to detain and arrest Plaintiff.

51.   Upon Information and Belief, the excessive use of force, as set forth above in the Factual Statement, was intentionally done to cause Plaintiff to endure a harmful and offensive touching.

52.   Defendants' actions actually and proximately caused damage to Plaintiff in an amount to be proven at trial.

53.   The City of Phoenix is respondeat superior liable for the assault and battery of Plaintiff by the Police Officer Defendants.

## COUNT THREE
## VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983 – Excessive force)

54.   The allegations set forth above are fully incorporated herein by this reference.

55.   In committing the actions and/or omissions set forth above in the Factual Statement, the Police Officer Defendants, and each of them, acted under color of state law, and engaged in conduct that was the proximate cause of a

violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, including but not limited to his right not to experience excessive from law enforcement when being detained and seized.

56. The force used by the Police Officer Defendants in taking Richard into custody was not reasonable or justified under the circumstances.

57. An objective reasonable police officer under the same circumstances would not have used the force that was used by the Defendant Police Officers, including but not limited to allowing a dog to bit Plaintiff's head, then neck and then shoulder area.

58. As a result of the Defendants' actions alleged above, and in violation of Plaintiff's rights under Federal and State law, Plaintiff suffered damages, physical injury, endured mental and emotional distress, and was seized and detained wrongfully, all in an amount to be determined at trial.

59. Plaintiff is entitled to bring this cause of action against the Defendants pursuant to 42 U.S.C. § 1983.

60. Plaintiff is entitled to recover his attorneys' fees incurred in this matter pursuant to 42 U.S.C. § 1988(b).

## COUNT FOUR

### (Negligent Hiring, Training and Supervision)

61. Plaintiff incorporates the preceding numbered paragraphs as though fully set forth herein.

62. At all relevant times, Defendant Police Chief Jeri Williams ("Williams") and/or the City of Phoenix was the employer of the Police Officer Defendants.

63. Upon information and belief, Defendant Williams and/or the City of Phoenix was grossly negligent and/or negligent in the hiring and/or training

and/or supervision of the Police Officer Defendants and other unknown employees.

64. Had Defendants Williams and/or the City of Phoenix been careful in the hiring, training and/or supervision of these Police Officer Defendants, Plaintiff would not have suffered the assault and physical injuries he received.

65. Defendant Williams and/or the City of Phoenix's negligent hiring, retention and/or supervision of the Police Officer Defendants proximately caused Plaintiff physical injury and other damages to be proven at trial.

66. Plaintiff is entitled to Punitive Damages.

## COUNT FIVE
### 42 U.S.C. §1983
(Unconstitutional Custom, Policy, Practice
Procedure and/or Ratification)

67. Plaintiff incorporates herein all the preceding numbered paragraphs.

68. Defendant Williams was at all relevant times the Chief of Police and chief executive officer of the City of Phoenix Police Department.

69. The policy of the City of Phoenix Police Department regarding the use of dogs preclude biting individuals in the head and neck area.

70. The Police Officer Defendants violated the policy by releasing Fred to bit Plaintiff in the head, neck and shoulder area and not calling him off.

71. As the Chief of Police, Defendant Williams has a non-delegable duty to ensure the policies of the police department are followed by police officers and that the force used is minimal as necessary to safely take individuals into custody. safe housing conditions of inmates at the Lewis Prison.

72. Defendants Williams' received Plaintiff's Notice of Claim. Further supervisors received the use of force report.

73.     Defendant Williams and his appointed supervisors took no action against the Police Officer Defendants for Plaintiff being bitten on the head, then neck, then shoulder.

74.     Defendant Williams ratified the conduct of the Police Officer Defendants by taking no disciplinary action against the Police Officer Defendants.

75.     By ratifying the Police Officer Defendants conduct and/or taking no disciplinary action against them, Defendant Williams' has created a practice and procedure that police officers using k-9s do not have to follow policy and can take unauthorized actions with impunity.

76.     This practice and procedure of impunity for using excessive force by the canine unit was the proximate cause of what happened in this case.

77.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to attorneys fees and punitive damages from Williams based on the above.

78.     Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff, having fully pled his claims against Defendants, respectfully requests that this Court enter Judgment in favor of Plaintiff and against these Defendants, individually, jointly and severally, and against their respective marital communities, if any, as follows:

1.     Awarding Plaintiff all allowable actual damages resulting from Defendants' unlawful acts and omissions;

2.     Awarding punitive and exemplary damages in an amount sufficient to deter these Defendants or other similarly situated from engaging in the aforementioned conduct.

3.     For compensatory damages, including but not limited to physical injury, emotional distress, all in an amount to be determined at the time of trial;

4.     For attorneys' fees and costs;

1    5.    And to grant such other and further relief as the Court feels is just

2 under the circumstances.

3

4    **RESPECTFULLY SUBMITTED** this 23rd day of June, 2020.

5

6                          **KEITH M. KNOWLTON, L.L.C.**

7

8

9                          By: _____

10                          Keith M. Knowlton (SBN: 001565)\



EXHIBIT B

OFFICE OF THE CITY ATTORNEY
CRIS MEYER, City Attorney
Arizona State Bar No. 012262
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
T: (602) 262-6761
E: law.civil.minute.entries@phoenix.gov

GARRETT GRIGGS, Assistant City Attorney
Arizona State Bar No. 030525
*Attorney for Defendants City of Phoenix,*
*Michael Burns, Terrence Fay, and Jeri Williams*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Richard Upson, <br><br> Plaintiff, <br><br> v. <br><br> City of Phoenix, a municipality of the State of Arizona; K-9 Officer Michael Burns #4911 and Spouse Burns, husband and wife; Sgt. Terrence Fay # 6933 and Spouse Fay, husband and wife; Chief of Police Jeri Williams; and John Does and Jane Does I-X and Individuals/Entities I-X, <br><br> Defendant. | Case No. CV2020-093793 <br><br> **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL** <br><br> (Assigned to the Honorable David Palmer ) |

Defendants City of Phoenix, Michael Burns, Terrence Fay, and Jeri Williams, by and through undersigned counsel, and pursuant to 28 U.S.C. §1441, et seq., hereby notify this Court that they have filed a Notice of Removal of this action to the United States District Court for the District of Arizona. A copy of the Notice of Removal filed September 25, 2020, is attached as Exhibit A.

RESPECTFULLY SUBMITTED this 28th day of September, 2020.

OFFICE OF THE CITY ATTORNEY

By: /s/ Garrett Griggs
      GARRETT GRIGGS
      Assistant City Attorney
      *Attorney for Defendants City of Phoenix,*
      *Michael Burns, Terrence Fay, and*
      *Jeri Williams*

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

ORIGINAL of the foregoing electronically filed and
COPY electronically served on September 28, 2020, to:

KEITH M. KNOWLTON
Keith M. Knowlton, LLC
9920 S. Rural Road, Suite 108
PMB #132
Tempe, Arizona 85284-4100
(480) 755-1777
keithknowlton@msn.com
*Attorney for Plaintiff*


By: */s/ Carol Aparicio*
2212909