OFFICE OF THE CITY ATTORNEY
CRIS MEYER, City Attorney
Arizona State Bar No. 012262
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
T: (602) 262-6761
E: law.civil.minute.entries@phoenix.gov

GARRETT GRIGGS, Assistant City Attorney
Arizona State Bar No. 030525
*Attorney for Defendants City of Phoenix,*
*Michael Burns, Terrence Fay, and Jeri Williams*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Upson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　Defendant. | Case No. CV-20-01880-PHX-SMB (JZB)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(The Honorable Susan M. Brnovich) |

Defendants City of Phoenix, Michael Burns ("Burns"), Terrence Fay ("Fay"), and Jeri Williams ("Williams") (these Defendants collectively as "City Defendants"), through undersigned counsel, for their Answer to Plaintiff Richard Upson's ("Plaintiff") First Amended Complaint ("Complaint"), hereby admit, deny, and allege as follows:

/ /

/ /

## PARTIES

1. City Defendants do not currently possess the requisite personal knowledge, documentation, or information to form a belief as to the truth of the allegations in Plaintiff's paragraph 1 and, therefore, deny them.

2. City Defendants admit the allegations in Plaintiff's paragraph 2.

3. City Defendants admit the allegations in Plaintiff's paragraph 3.

4. City Defendants admit the allegations in Plaintiff's paragraph 4.

5. Plaintiff's paragraph 5 makes no allegation.

6. City Defendants admit Jeri Williams is the Police Chief of the Phoenix Police Department ("PPD") and is a member of the PPD Executive Team.

7. To Plaintiff's paragraph 7, all fictitiously named defendants have been dismissed. (Doc. 5).

8. To Plaintiff's paragraph 8, all fictitiously named defendants have been dismissed. (Doc. 5). City Defendants deny the remaining allegations in Plaintiff's paragraph 8.

9. To Plaintiff's paragraph 9, all fictitiously named defendants have been dismissed. (Doc. 5).

10. To the allegations against City Defendants, City Defendants deny the allegations in Plaintiff's paragraph 10.

11. City Defendants deny the allegations in Plaintiff's paragraph 11.

12. City Defendants deny the allegations in Plaintiff's paragraph 12. City Defendants acknowledge Phoenix City Code § 42-16.

## JURISDICTION AND VENUE

13. City Defendants deny the allegations in Plaintiff's paragraph 13 related to causation. City Defendants admit the remaining allegation in Plaintiff's paragraph 13.

14. To Plaintiff's paragraph 14, City Defendants only admit (a) Attorney for Plaintiff Keith Knowlton provided City Defendants an United Process Service Invoice dated December 21, 2019 and Declarations of Delivery dated December 23, 2019 signed by Jonathan S. Curtis which together declare Burns and Fay were served with Notice of

Claim Letters, and (b) a Notice of Claim Letter addressed to City of Phoenix was served on the City of Phoenix Clerk on December 19, 2019.

15. To Plaintiff's paragraph 15, City Defendants admit only those same admissions stated in paragraph 14 herein.

16. To Plaintiff's paragraph 16, City Defendants admit Plaintiff has made allegations that City Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights.

17. City Defendants deny the allegations in Plaintiff's paragraph 17.

18. City Defendants deny the allegations in Plaintiff's paragraph 18.

## JURY DEMAND

19. Plaintiff's paragraph makes no allegation against City Defendants.

20. City Defendants admit that on the date alleged, Burns utilized a police department canine during a search event for Plaintiff.

21. City Defendants deny the allegations in Plaintiff's paragraph 21.

22. City Defendants deny the allegations in Plaintiff's paragraph 22.

23. City Defendants admit Burns deployed a canine to make contact with Plaintiff during the event.

24. To Plaintiff's paragraph 24, City Defendants admit there were PPD officers present with Burns.

25. City Defendants deny the allegations in Plaintiff's paragraph 25.

26. City Defendants deny the allegations in Plaintiff's paragraph 26.

27. To Plaintiff's paragraph 27, City Defendants admit the PPD canine made bite contact with Plaintiff during the event.

28. City Defendants admit the allegations in Plaintiff's paragraph 28.

29. City Defendants deny the allegations in Plaintiff's paragraph 29.

30. City Defendants deny the allegations in Plaintiff's paragraph 30.

31. City Defendants deny the allegations in Plaintiff's paragraph 31.

32. City Defendants admit the allegations in Plaintiff's paragraph 32.

33. City Defendants deny the allegations in Plaintiff's paragraph 33.

34. City Defendants deny the allegations in Plaintiff's paragraph 34.
35. City Defendants do not currently possess the requisite personal knowledge, documentation, or information to form a belief as to the truth of the allegations in Plaintiff's paragraph 35 and, therefore, deny them.
36. City Defendants deny the allegations in Plaintiff's paragraph 36.
37. City Defendants deny the allegations in Plaintiff's paragraph 37.

## COUNT ONE: GROSS NEGLIGENCE/NEGLIGENCE

38. Plaintiff's paragraph 38 makes no novel allegation against City Defendants.
39. Based on Plaintiff's use of 'duty', Burns and Fay deny the allegations in Plaintiff's paragraph 39.
40. Burns and Fay deny the allegations in Plaintiff's paragraphs 40.
41. Burns and Fay deny the allegations in Plaintiff's paragraph 41.
42. Burns and Fay deny the allegations in Plaintiff's paragraph 42.
43. Burns and Fay deny the allegations in Plaintiff's paragraph 43.
44. Burns and Fay deny the allegations in Plaintiff's paragraph 44.
45. Burns and Fay deny the allegations in Plaintiff's paragraph 45.
46. Burns and Fay deny the allegations in Plaintiff's paragraph 46.
47. Burns and Fay deny the allegations in Plaintiff's paragraph 47.

## COUNT TWO: ASSAULT AND BATTERY

48. Plaintiff's paragraph 48 makes no novel allegation against City Defendants.
49. Burns and Fay deny the allegations in Plaintiff's paragraph 49.
50. Burns and Fay deny the allegations in Plaintiff's paragraph 50.
51. Burns and Fay deny the allegations in Plaintiff's paragraph 51.
52. Burns and Fay deny the allegations in Plaintiff's paragraph 52.
53. Burns and Fay deny the allegations in Plaintiff's paragraph 53.

## COUNT THREE: VIOLATION OF CIVIL RIGHTS (EXCESSIVE FORCE)

54. Plaintiff's paragraph 54 makes no novel allegation against City Defendants.
55. Burns and Fay deny the allegations in Plaintiff's paragraph 55.

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

56. Burns and Fay deny the allegations in Plaintiff's paragraph 56.
57. Burns and Fay deny the allegations in Plaintiff's paragraph 57.
58. Burns and Fay deny the allegations in Plaintiff's paragraph 58.
59. Burns and Fay deny the allegations in Plaintiff's paragraph 59.
60. Burns and Fay deny the allegations in Plaintiff's paragraph 60.

<u>COUNT FOUR: NEGLIGENT HIRING, TRAINING, AND SUPERVISION</u>

61. Plaintiff's paragraph 61 makes no novel allegation against City Defendants.
62. To Plaintiff's paragraph 62, Williams and City of Phoenix admit only that Burns, Fay, and Williams are City of Phoenix employees.
63. Williams and City of Phoenix deny the allegations in Plaintiff's paragraph 63.
64. Williams and City of Phoenix deny the allegations in Plaintiff's paragraph 64.
65. Williams and City of Phoenix deny the allegations in Plaintiff's paragraph 65.
66. Williams and City of Phoenix deny the allegations in Plaintiff's paragraph 66.

<u>COUNT FIVE: UNCONSTITUTIONAL CUSTOM, POLICEY, PRACTICE, PROCEDURE AND/OR RATIFICATION</u>

67. Plaintiff's paragraph 67 makes no novel allegation against City Defendants.
68. Williams admits the allegations in Plaintiff's paragraph 68.
69. Williams denies the allegations in Plaintiff's paragraph 69.
70. Williams denies the allegations in Plaintiff's paragraph 70.
71. Williams denies the allegations in Plaintiff's paragraph 71.
72. To Plaintiff's paragraph 72, Williams admits only those same admissions made in paragraph 14 herein.
73. Williams denies the allegations in Plaintiff's paragraph 73.
74. Williams denies the allegations in Plaintiff's paragraph 74.
75. Williams denies the allegations in Plaintiff's paragraph 75.
76. Williams denies the allegations in Plaintiff's paragraph 76.
77. Williams denies the allegations in Plaintiff's paragraph 77.
78. Williams denies the allegations in Plaintiff's paragraph 78.

## AFFIRMATIVE DEFENSES

79. City Defendants affirmatively allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.
80. City Defendants affirmatively allege their conduct at all times was reasonable.
81. City Defendants affirmatively allege they are entitled to absolute and/or qualified immunity.
82. City Defendants affirmatively allege that Plaintiff has failed to set forth a requisite showing of objective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of this lawsuit.
83. City Defendants affirmatively allege they were acting under legal process, with good, sufficient, and probable cause to be so acting, and that the actions of City Defendants were in good faith and without malice.
84. City Defendants affirmatively allege Plaintiff has failed to set forth a grave deprivation regarding his allegation that a constitutional violation has occurred, thereby warranting dismissal of this lawsuit.
85. City Defendants affirmatively allege Plaintiff knowingly, intelligently, and voluntarily assumed the risk of injuries such as those that are alleged to have occurred in this case, thereby eliminating liability on the part of City Defendants.
86. City Defendants affirmatively allege there existed no conduct motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding Plaintiff from recovery of punitive damages to the extent such damages are being sought.  See *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993); *Smith v. Wade*, 461 U.S. 30, 58, 103 S.Ct. 1625, 1640 (1983).
87. City Defendants affirmatively allege any actions or inactions alleged on their part, was not the proximate cause of any injuries, losses or damages, to Plaintiff.
88. City Defendants affirmatively allege their actions were objectively reasonable under the circumstances then existing.

89. City Defendants affirmatively allege that Plaintiff cannot causally connect City Defendants to the conduct complained of and show actual injury as a result, thereby precluding Plaintiff's Constitutional claims.

90. City Defendants affirmatively allege they did not deny Plaintiff any rights guaranteed under the Fourth Amendment, or under the Fourteenth Amendment.

91. City Defendants assert that other affirmative defenses may come to light as discovery progresses. Accordingly, City Defendants affirmatively allege those affirmative defenses contained in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, City Defendants respectfully requests the following relief:

1. That Plaintiff's Complaint be dismissed and he takes nothing thereby;
2. For City Defendants' costs of suit; and,
3. For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 27th day of October, 2020.

OFFICE OF THE CITY ATTORNEY

By: */s/ Garrett Griggs*
GARRETT GRIGGS
Assistant City Attorney
*Attorney for Defendants City of Phoenix,
Michael Burns, Terrence Fay, and
Jeri Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

HONORABLE SUSAN M. BRNOVICH
United States District Court
Sandra Day O' Connor U.S. Courthouse
401 W. Washington Street
Phoenix, AZ 85003-2151

HONORABLE JOHN Z. BOYLE
United States District Court
Sandra Day O' Connor U.S. Courthouse
401 W. Washington Street
Phoenix, AZ 85003-2151

KEITH M. KNOWLTON
Keith M. Knowlton, LLC
9920 S. Rural Road, Suite 108
PMB #132
Tempe, Arizona 85284-4100
(480) 755-1777
keithknowlton@msn.com
*Attorney for Plaintiff*

By: */s/ Garrett Griggs*